AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
U.S. District Court
District of Kansas

# UNITED STATES DISTRICT COURT
for the
District of Kansas

JUN 2 4 2021

Clerk, U.S. District Court
By_____ Deputy Clerk

In the Matter of the Search of:
*(Briefly describe the property to be searched or identify the person by name and address)*

The residence of Travis James MYERS located at 7415 West Frazier Lane, Wichita, Kansas including any and all garages and outbuildings located at the residence and any and all vehicles parked at the residence ("SUBJECT PREMISES"). The SUBJECT PREMISES is more fully described below and in Attachment A.

Case No. 21-6103-GEB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The residence of Travis James MYERS located at 7415 West Frazier Lane, Wichita, Kansas including any and all garages and outbuildings located at the residence and any and all vehicles parked at the residence ("SUBJECT PREMISES"). The SUBJECT PREMISES is more fully described below and in Attachment A.

located in the **DISTRICT OF KANSAS**, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ✓ evidence of a crime;
- ✓ contraband, fruits of crime, or other items illegally possessed;
- ✓ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 26 USC 5861 | Making and possessing unregistered destructive devices |
| 18 USC 922(g)(1) | Felon in possession of firearm(s) |

The application is based on these facts:
See Attached Affidavit

✓ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

SA JASON E. FULLER, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: June 24, 2021 @ 2:30 p.m.

_____
Judge's signature

City and state: Wichita, Kansas

HONORABLE GWYNNE E. BIRZER, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Jason E. Fuller, (here-in-after known as Affiant) being duly sworn, declare and state:

1.   Affiant has been employed as a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since September 2003. Affiant is currently assigned to the Wichita Field Office in Wichita, KS. As a Special Agent with ATF, affiant attended the Federal Law Enforcement Training Center's Criminal Investigator Training Program and ATF Special Agent Basic Training. Prior to being employed by ATF, affiant was employed by Illinois State University ("ISU"), Department of Criminal Justice Sciences. Prior to being employed by ISU, affiant was employed as a Special Agent by the Iowa Department of Public Safety, Division of Narcotics Enforcement ("DNE"). As a Special Agent with ATF and/or DNE, affiant has received training in arson, explosives, firearms, tobacco, and drug trafficking investigations. As a Special Agent with ATF and/or DNE, affiant has conducted and/or participated in investigations involving arson, explosives, firearms, controlled substances, contraband cigarette trafficking, mail fraud, wire fraud, and money laundering. Affiant has worked undercover to obtain information and evidence, utilized confidential informants to obtain information and evidence, conducted interviews of suspects and witnesses, written and executed state and federal search warrants, and written and executed state and federal arrest warrants. Affiant has conducted and/or participated in investigations resulting in the seizure of contraband, currency, bank accounts, vehicles, and real estate properties. Affiant is an ATF Certified Explosives Specialist (CES) candidate and has successfully completed the ATF CES Basic training course, the ATF Advanced Explosives Demolition Techniques course, the ATF

1

Homemade Explosives course, the ATF Post Blast Investigations course, the Texas A&M Engineering Extension Service's Advanced Ordnance Recognition for Law Enforcement course, the International Society of Explosives Engineers Level One: Practical Blasting Fundamentals course, and Oklahoma State University's Chemistry of Pyrotechnics laboratory course. Affiant has a Bachelor of Science, Summa Cum Laude, degree and a Master of Science degree in Criminal Justice Sciences from Illinois State University as well as a graduate certificate in Explosives Technology from Missouri University of Science and Technology.

## PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of a search warrant for the following premises and vehicle:

   a. The residence of Travis James MYERS located at 7415 West Frazier Lane, Wichita, Kansas including any and all garages and outbuildings located at the residence and any and all vehicles parked at the residence ("SUBJECT PREMISES"). The SUBJECT PREMISES is more fully described below and in Attachment A.

   b. A 2012 silver Chevrolet Impala LTZ bearing Kansas license plate 286JZL ("SUBJECT VEHICLE") registered to Travis James MYERS at 7415 West Frazier Lane, Wichita, Kansas ("SUBJECT PREMISES"). The SUBJECT VEHICLE is more fully described below and in Attachment A.

3. There is probable cause to believe that items constituting fruits, instrumentalities, and evidence of the making and possession of an unregistered destructive device in violation of 26 U.S.C. § 5861 and felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1) will be found at the SUBJECT PREMISES and in the

2

SUBJECT VEHICLE. The items that constitute the aforementioned fruits, instrumentalities, and evidence of the aforementioned violations are more fully described below and in Attachment B.

4. Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause for the issuance of a search warrant, I have not described all of the relevant facts and circumstances of which I am aware related to this investigation. This affidavit does not purport to set forth all of my knowledge of, or investigation into, this matter. The information in this affidavit is based on my personal knowledge of the facts of this investigation, as well as oral or written communications with other law enforcement personnel and investigators. The opinions which I have formed and the statements set forth in this affidavit are based upon my training and experience as well as consultation with other investigators and law enforcement personnel.

## PREMISES TO BE SEARCHED

5. This affidavit is made in support of a search warrant to search the following premises:

    a. The residence of Travis James MYERS located at 7415 West Frazier Lane, Wichita, Kansas, including any and all garages and outbuildings located at the residence and any and all vehicles parked at the residence ("SUBJECT PREMISES"). The SUBJECT PREMISES is described as a single-story house that is yellow-in-color with red-in-color brick, tan-in-color trim, and a brown-in-color shingled roof. The SUBJECT PREMISES is located on the south side of Frazier Lane in Wichita, KS. The numbers "7415" are located on a post on the front porch of the SUBJECT PREMISES. The front door of the SUBJECT PREMISES faces north.

b. A 2012 silver Chevrolet Impala LTZ bearing Kansas license plate 286JZL ("SUBJECT VEHICLE") registered to Travis James MYERS at 7415 West Frazier Lane, Wichita, Kansas ("SUBJECT PREMISES"). The SUBJECT VEHICLE is believed to be a vehicle owned and used by Travis James MYERS.

ITEMS TO BE SEIZED

6. The items to be seized from the SUBJECT PREMISES and SUBJECT VEHICLE, which constitute the fruits, instrumentalities, and evidence of the making and possession of an unregistered destructive device in violation of 26 U.S.C. § 5861 and felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1) include the following:

  a. Assembled destructive devices;

  b. Unassembled components of destructive devices including, but not limited to, confinement containers, confinement enclosures, explosive fillers, fuses or other means of initiation, tape and glue;

  c. Tools commonly used in the manufacture of destructive devices including, but not limited to, trays, punches, drills, drill bits, vices, wrenches, cutting/fastening implements, pliers, side cutters, soldering irons, solder, circuit testers, mixing bowls, glassware or other containers, spoons, funnels, or other mixing implements;

  d. Literature pertaining to the assembly, manufacture and functioning of explosive devices or materials, including, but not limited to, books, pamphlets, drawings, sketches, diagrams, photographs, and photocopies;

  e. Receipts showing the purchase of destructive devices, destructive device componentry, explosive fillers, tools, or literature related to the manufacture or possession of destructive devices;

4

f. Photographs, films or recordings evidencing the purchase, manufacturing, or possession of firearms, destructive devices, destructive device componentry, chemicals, explosive fillers, tools, or literature related to the manufacture or possession of destructive devices;

g. Indicia of occupancy, residency, and/or ownership of the SUBJECT PREMISES to include, but not limited to, utility and telephone bills, cancelled envelopes, registration documents, receipts, keys, rental agreements, mortgage documents, grant deeds, and insurance documents;

h. Indicia of ownership and use of SUBJECT VEHICLE to include, but not limited to, registration documents, receipts, keys, and insurance documents.

PROBABLE CAUSE

7. From speaking with agents, investigators, and other law enforcement personnel involved in this investigation, from speaking with witnesses involved in this investigation, and from my personal involvement in this investigation, affiant knows the following:

a. On June 22, 2021, at approximately 3:29 a.m., the Wichita Police Department (WPD) received a call for service regarding an apparent explosion that occurred at 824 South Richmond Avenue, Wichita, Kansas. WPD officers responded to the scene. The WPD Bomb Squad was subsequently dispatched to respond to the scene. Personnel with the WPD Bomb Squad contacted your affiant to respond as well, which he did.

b.      Affiant responded to 824 South Richmond Avenue, Wichita, Kansas and met with responding officers. The responding officers advised your affiant that Matthew P. Fair was the owner of the residence located at 824 South Richmond Avenue, Wichita, Kansas. The responding officers further informed your affiant that Dani K. Vieyra was dating Matthew Fair and was at his residence during the early morning hours when the incident occurred. Your affiant learned that Ms. Vieyra's vehicle was parked under a carport attached to Fair's residence. The responding officers advised that an apparent bomb (destructive device) had been placed on top of the trunk lid of Vieyra's vehicle, which had exploded causing damage to her vehicle as well as the residence located at 824 South Richmond Avenue, Wichita, Kansas and the adjacent residence located just to the south at 826 South Richmond Avenue, Wichita, Kansas.

c.      Personnel with the WPD Bomb Squad as well as additional personnel from ATF arrived at the scene. Personnel with the WPD Bomb Squad and ATF conducted a post blast scene examination and collected evidence regarding the exploded device. Your affiant and Acting Resident Agent in Charge (ARAC) Kelly Etnier went back later in the day to the scene of the incident and conducted a secondary scene examination and collected one additional item of evidence. From the evidence collected at the scene of the incident and from your affiant's training and experience, your affiant believes that an improvised explosive device, that would likely be determined to be a destructive device by ATF as that term is defined by Title 26 U.S.C. § 5845 had exploded. Your affiant believes, based on the evidence that was collected, witness statements, other evidence, and your affiant's training and experience, that the device was likely hand placed, consisted of a flashlight body as the containment body, was filled with an explosive filler,

6

had pages of a phone book and black electrical tape as well as other components incorporated as part of the suspected destructive device, and was initiated by some type of initiating system; likely some type of hand lit fuse. Affiant believes that the suspected destructive device would likely have caused significant bodily injury to a person had he or she been in close proximity to the suspected destructive device when it exploded.

    d.  Responding officers obtained video from a video surveillance system located at a residence across the street and to the southwest of the residence where the incident occurred. The aforementioned video showed what appeared to be a male individual wearing a T-shirt and shorts walk from the south on Richmond Avenue north toward the incident location and then out of view of the video surveillance system beginning at approximately 3:03 a.m. according to the time on video surveillance system. From speaking with an occupant of the residence where the video surveillance video was obtained it was learned that the video surveillance system was approximately 12 minutes slow and, therefore, the actual time when the individual was first recorded on the video surveillance system was actually approximately 3:15 a.m. What appears to be the same individual then appears again on the video surveillance system at approximately 3:06 a.m. according to time stamp on the video, which would actually be approximately 3:18 a.m., running away from the direction of the incident and out of view of the video surveillance system. It is believed that the suspected destructive device exploded at approximately 3:18 a.m.

    e.  Your affiant, other investigators, and law enforcement personnel spoke with Dani Vieyra who was the apparent target of the incident. Vieyra advised that she had recently gone through a "messy" break up with Travis James MYERS. Vieyra

7

stated that she did not know of anybody other than MYERS who would do something like what had just occurred. Vieyra stated that MYERS had a silver-in-color Impala ("SUBJECT VEHICLE"), a blue-in-color Toyota pickup truck, and a Harley Davidson motorcycle. Vieyran advised that MYERS lived at 7415 West Frazier Lane, Wichita, Kansas ("SUBJECT PREMISES"). Investigators showed Vieyra the video surveillance obtained of the individual observed walking toward the residence where she was staying the night and then running away from the location around the time the incident occurred. Vieyra almost began to cry upon watching the video and then advised that, although she could not be 100 percent certain because of the quality of the video, she believed it was likely Travis James MYERS on the video based on how the individual in the video walked and his movements.

    f.  Law enforcement personnel queried the WPD's Flock Safety Camera System for vehicles registered to Travis James MYERS. The Flock Safety Camera System is a network of cameras placed throughout the City of Wichita that photographs and records vehicles as they pass by. This query found that the 2012 silver Chevrolet Impala LTZ bearing Kansas license plate 286JZL ("SUBJECT VEHICLE") registered to Travis James MYERS at 7415 West Frazier Lane, Wichita, Kansas ("SUBJECT PREMISES") was observed and recorded in the vicinity of West Street and Taft Street in Wichita, Kansas travelling northbound on West Street at approximately 3:20 a.m. A copy of the photograph from Flock Safety Camera System of the SUBJECT VEHICLE is included below as Exhibit #1.

8



(Exhibit #1)

Your affiant drove between the incident location and the intersection of West Street and Taft Street and found that it took approximately three (3) minutes using surface streets to drive the approximately 1.3 miles.

        g.      On June 22, 2021 your affiant conducted surveillance of the SUBJECT PREMISES. Affiant observed the SUBJECT VEHICLE as well as other vehicles registered to Travis James MYERS parked in the driveway of the SUBJECT PREMISES. Affiant observed MYERS arrive at the residence and enter it. Affiant observed MYERS place a full garbage bag in the garbage can located on the side of the residence.

9

h. On June 22, 2021, your affiant and ARAC Etnier spoke with Julie Bradley who lives at 832 S. Richmond Street, Wichita, KS, which is several houses to the south of the incident location. Ms. Bradley advised that she was on her front porch smoking a cigarette just prior to the explosion. She observed a white male wearing brown or khaki shorts, red shirt, and tennis shoes that were either black and white or blue and white run past her residence. Ms. Bradley advised that she looked at his face. Ms. Bradley advised that the individual ran to a car that was parked on the west side Richmond Street facing south near the intersection of Richmond Street and McCormick Avenue. Ms. Bradley advised that the individual got in the car as the explosion happened and then drove away heading west on McCormick Avenue. Affiant asked Ms. Bradley what color the car was. Ms. Bradley advised that it might have been red, but she was not certain. Ms. Bradley explained that the taillights came on as the individual got in the car. Affiant asked Ms. Bradley if she thought she would be able to identify the individual. Ms. Bradley advised that she thought she would be able to identify the individual. Affiant showed Ms. Bradley a photograph of Travis James MYERS. Ms. Bradley advised that the MYERS looked similar and was probably the individual she saw. ARAC Etnier asked Ms. Bradley how certain she was on a scale of one to ten and Ms. Bradley responded by saying "Seven."

i. Your affiant believes that the individual observed on the aforementioned video has the same, general physical characteristics as Travis James MYERS, including height, weight, and build.

j. Your affiant knows that Title 18 U.S.C. § 922(a)(3) defines the term "firearm" and includes a destructive device within the definition of a "firearm." Title 18

10

U.S.C. § 922(a)(4)(i) further defines a "destructive device," in part, as any explosive, incendiary, or poison gas bomb.

   k. Your affiant knows that Title 26 U.S.C. § 5845(a) defines the term "firearm" and includes a destructive device within the definition of a "firearm." Title 26 U.S.C. § 5845(f) further defines a "destructive device," in part, as any explosive, incendiary, or poison gas bomb. Affiant knows that firearms, as defined in Title 26 of the U.S.C., are required to be registered with ATF in the National Firearm Registration and Transfer Record (NFRTR).

   l. Your affiant is familiar with Travis James MYERS from previous Federal investigations. Affiant knows that MYERS is a Federally convicted felon and is, therefore, prohibited from possessing firearms, including destructive devices, and explosives.

   m. Your affiant knows that individuals who illegally manufacture and possess destructive devices often store additional destructive devices, the components for destructive devices, and other associated items in their homes or vehicles and that they often construct the destructive devices in their homes. Affiant knows that these individuals often maintain these items for long periods of time in their homes or vehicles.

## CONCLUSION

  8. Based on the foregoing, I believe there is probable cause to believe that items, which constitute the fruits, instrumentalities, and evidence of the making and possession of an unregistered destructive device in violation of 26 U.S.C. § 5861 and felon

in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1) will be found at the SUBJECT PREMISES and in the SUBJECT VEHICLE.

*[signature]*
JASON E. FULLER
ATF Special Agent

Subscribed and sworn to before me this the __24th__ day of June, 2021.

*[signature]*
HONORABLE GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE

ATTACHMENT A

The premises to be searched is described as follows:

The residence of Travis James MYERS located at 7415 West Frazier Lane, Wichita, Kansas, including any and all garages and outbuildings located at the residence and any and all vehicles parked at the residence ("SUBJECT PREMISES"). The SUBJECT PREMISES is described as a single-story house that is yellow-in-color with red-in-color brick, tan-in-color trim, and a brown-in-color shingled roof. The SUBJECT PREMISES is located on the south side of Frazier Lane in Wichita, KS. The numbers "7415" are located on a post on the front porch of the SUBJECT PREMISES. The front door of the SUBJECT PREMISES faces north.

ATTACHMENT B

The items to be seized are as follows:

      a.      Assembled destructive devices;

      b.      Unassembled components of destructive devices including, but not limited to, confinement containers, confinement enclosures, explosive fillers, fuses or other means of initiation, tape and glue;

      c.      Tools commonly used in the manufacture of destructive devices including, but not limited to, trays, punches, drills, drill bits, vices, wrenches, cutting/fastening implements, pliers, side cutters, soldering irons, solder, circuit testers, mixing bowls, glassware or other containers, spoons, funnels, or other mixing implements;

      d.      Literature pertaining to the assembly, manufacture and functioning of explosive devices or materials, including, but not limited to, books, pamphlets, drawings, sketches, diagrams, photographs, and photocopies;

      e.      Receipts showing the purchase of destructive devices, destructive device componentry, explosive fillers, tools, or literature related to the manufacture or possession of destructive devices;

      f.      Photographs, films or recordings evidencing the purchase, manufacturing, or possession of firearms, destructive devices, destructive device componentry, chemicals, explosive fillers, tools, or literature related to the manufacture or possession of destructive devices;

      g.      Indicia of occupancy, residency, and/or ownership of the SUBJECT PREMISES to include, but not limited to, utility and telephone bills, cancelled envelopes, registration documents, receipts, keys, rental agreements, mortgage documents, grant deeds, and insurance documents;

      h.      Indicia of ownership and use of SUBJECT VEHICLE to include, but not limited to, registration documents, receipts, keys, and insurance documents.